```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


DORIS J. ELLIS                                    PLAINTIFF

VS.                       CIVIL ACTION NO. 3:23-cv-390-TSL-MTP

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,
and DOE DEFENDANTS 1-10                          DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Allstate Property and Casualty Company (Allstate) to dismiss certain counts of the complaint.  Plaintiff Doris Ellis has responded to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes that Allstate's motion is well taken and should be granted.

Plaintiff has brought this action alleging that Allstate wrongly denied her claim for benefits under a policy of homeowners' insurance.  In addition to her claim for breach of contract, plaintiff has undertaken to assert causes of action for breach of the covenants of good faith and fair dealing and conversion.  By its motion, Allstate seeks dismissal of all but her claim for breach of contract.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a

1

claim to relief that is plausible on its face.'" Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc., 892 F.3d 719, 726 (5th Cir. 2018) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A complaint "does not need detailed factual allegations," but the facts alleged "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

Generally, when considering a motion to dismiss, courts are limited to the complaint and its proper attachments. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Courts may also rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." Id. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). When a party presents matters beyond the pleadings on a motion to dismiss, the court has complete discretion whether to accept

2

such matters. Isquith ex rel. Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 196 n.3 (5th Cir. 1988) (citing Fed. R. Civ. P. 12(b)) (additional citations omitted). However, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. (quoting Fed. R. Civ.. P. 12(d).

Allstate has attached to its motion a copy of plaintiff's homeowners' policy and a denial letter, contending that both are referenced in and central to plaintiff's claims herein. In his response, plaintiff points to Allstate's attachment of these documents and suggests that the court should convert Allstate's motion to a summary judgment motion and then allow her an opportunity for discovery under Rule 56(d) before considering whether the bad faith and conversion claims should be dismissed. Plaintiff's homeowners' policy is obviously central to her claim. It is doubtful, however, that the same can be said of the denial letter. Regardless, the court in its discretion will not consider the denial letter since it is obvious without reference to the letter, as discussed *infra*, that no viable claim for bad faith or conversion has been stated.

Plaintiff's complaint, under the heading "Factual Basis," alleges the following: Plaintiff entered into a contract and paid value for an Allstate homeowners' insurance covering her home in Jackson, which policy included protection against loss by wind and hail damage. On or about October 26, 2021, wind, hail and severe storms caused direct physical damages to loss the insured property. On multiple occasions "leading to and including October 26, 2021, plaintiff reported said property damage to [Allstate]"; she provided an estimated amount of the property damage to Allstate and allowed for all necessary inspections and evaluations to made at the insured premises. Although a covered loss has occurred and plaintiff has complied with all conditions to recover under the policy, Allstate "has failed to provide coverages for Plaintiff's losses, and has failed to pay the reasonable value of Plaintiff's losses needed to place the insured in its pre-loss condition," which is a breach of contract. As a result of this breach, plaintiff has been damaged and has found it necessary to hire an attorney to bring this litigation.

Plaintiff has asserted a cause of action for breach of contract based on Allstate's failure to pay her claim. Allstate's motion does not seek dismissal of that count. In the count for breach of the implied covenant of good faith and fair dealing, i.e., bad faith, plaintiff incorporates the allegations

4

in the "Factual Basis" portion of the complaint but also further alleges that "[d]efendants effectively breached the implied covenants by abandoning the job prior to completion and demanding payment from the Plaintiff for services not rendered." The final claim, for conversion, states, "Evidence shows proof of Defendants' wrongful possession of Plaintiff's property, the exercise of dominion by Defendants in exclusion or defiance of Plaintiff's rights, Defendants' unauthorized and injurious use, and Defendant's wrongful retention after demand. ... Title to the converted property has been made known to Defendants, to which it has resisted."

Turning first to plaintiff's claim for breach of the duty of good faith and fair dealing, the allegation in this count that "Defendants … abandon[ed] the job prior to completion and demand[ed] payment … for services not rendered," obviously has no relation to the facts alleged by plaintiff.  As it is apparent this statement was included in the complaint by mistake – and plaintiff does not contend otherwise in her response – this court disregards this allegation.

Plaintiff has not otherwise set forth in her complaint any allegations that can reasonably be construed to support a cause of action for breach of the duty of good faith and fair dealing. "'The breach of good faith is bad faith characterized by some

5

conduct which violates standards of decency, fairness or reasonableness.' 'Bad faith, in turn, requires a showing of more than bad judgment or negligence; rather, "bad faith" implies some conscious wrongdoing 'because of dishonest purpose or moral obliquity.'" Harris v. Miss. Valley State Univ., 873 So. 2d 970, 987 (Miss. 2004) (quoting, respectively, Cenac v. Murry, 609 So. 2d 1257, 1272 (Miss. 1992), and Bailey v. Bailey, 724 So. 2d 335, 338 (Miss. 1998)). "In order to pursue a claim for bad faith denial of coverage in Mississippi, the insured bears a heavy burden to prove that its insurer lacked any arguable or legitimate basis to deny such coverage and that the 'insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights.'" Mut. Assur. Inc. v. Banks, 113 F. Supp. 2d 1020, 1023 (S.D. Miss. 2000) (quoting State Farm Mut. Auto. Ins. Co. v. Grimes, 722 So. 2d 637, 641 (Miss. 1998)).

Plaintiff herein has alleged only that Allstate has failed to pay what she alleges is a covered claim for loss resulting from a wind, hail or storm event. There is no hint in the complaint of the circumstances surrounding Allstate's nonpayment of her claim. And there is clearly no allegation Allstate denied her claim without a legitimate or arguable reason, or that Allstate's actions with respect to the nonpayment of her claim were wilful, malicious, grossly negligent or reckless in

6

any way. Accordingly, plaintiff's claim for breach of the duty of good faith and fair dealing will be dismissed.[1]

Allstate contends that plaintiff's claim for conversion should be dismissed because plaintiff has not alleged any facts supporting a charge that Allstate converted any tangible property belonging to plaintiff, which is the essence of a claim of conversion. See McGee v. Comprehensive Radiology Servs., PLLC, 340 So. 3d 328, 333 (Miss. 2022) (conversion requires intent to exercise dominion or control over goods which is inconsistent with the true owner's right; cause of action lies only for tangible personal property). In fact, the complaint does not identify any property of plaintiff that was allegedly converted. The complaint refers to "defendants' actions" as "express[ing] an intent to exercise dominion or control over *goods* which is inconsistent with Plaintiff's rights as the true owner," and alleges that plaintiff's "*[t]itle* to the converted property has been made known to Defendants." (Emphasis added). Yet there is no indication in the complaint of the "goods" to

---

[1] Plaintiff asserts in her response that rather than dismiss, the court should order her to provide a more definite statement of her claim. Federal Rule of Civil Procedure 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Here, plaintiff's allegations as to her bad faith claim are not vague or ambiguous; they are nonexistent.

7

which this allegation refers or the property to which plaintiff has title.  Thus, the complaint plainly fails to state a viable cause of action for conversion.

The recitation of facts set forth in an affidavit of plaintiff's counsel submitted in response to Allstate's motion indicates that plaintiff's position – which she did not plead in her complaint – is that Allstate's retention of her premium despite its failure to pay her claim constitutes conversion. There is no need for the court to address this contention since plaintiff has not made this allegation in her complaint and thus no such claim is before the court for consideration. Nevertheless, the court observes that even if plaintiff had pled conversion of her premium payments, she would not have stated a cognizable claim.  Assuming solely for the sake of argument that a cause of action for conversion would lie for an insurer's wrongful retention of unearned premiums -- and the court expresses no opinion about this -- there is no allegation in the complaint that plaintiff or Allstate cancelled or rescinded the policy, with Allstate retaining unearned premiums.  Rather, the complaint indicates that the policy remained in effect throughout the initial policy period and the renewal period; the premium was earned and rightfully retained.  That is the case even if Allstate wrongly denied plaintiff's claim.  Plaintiff's

8

remedy for the alleged wrongful denial lies in a cause of action for breach of contract, not conversion.

Based on the foregoing, it is ordered that Allstate's motion to dismiss plaintiff's claims for breach of the covenants of good faith and fair dealing and for conversion is granted.

SO ORDERED this 25th day of July, 2023.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE